UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL SMITH, )<br>)<br>Defendant. ) | No.: 3:02-CR-78-TAV-CCS |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for a sentence reduction in light of 18 U.S.C. § 3582(c) and the Fair Sentencing Act of 2010 ("FSA") [Doc. 1132]. Amendment 750 to the United States Sentencing Guidelines (the "Guidelines") implemented the FSA and reduced the base offense level for most offenses involving crack cocaine. The United States filed a response in opposition, asserting that the defendant is in not eligible for any further reduction in sentence because his current sentence is lower than the amended Guidelines range [Doc. 1208].

**I.     Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently

been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is section 1B1.10 of the United States Sentencing Guidelines Manual (the "Guidelines"), which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

> (a) Authority.--
>
> (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> . . . .
>
> (b) Determination of Reduction in Term of Imprisonment.--
>
> . . . .
>
> (2) Limitation and Prohibition on Extent of Reduction.--

> **(A)** Limitation.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2012). The application notes to section 1B1.10 also provide that, in considering a reduction in a defendant's term of imprisonment, a court must consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The FSA altered the statutory penalties for offenses involving cocaine base ("crack cocaine") and directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332–35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine. Because Amendment 750 may now be

applied retroactively, *see* U.S. Sentencing Guidelines Manual § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, then the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**II.     Analysis**

Following a jury trial, the defendant was convicted of conspiring to distribute and possess with the intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession and discharge of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) [Doc. 911].  In calculating the applicable Guidelines range, the probation officer found defendant responsible for 1.5 kilograms of crack cocaine, which resulted in a base offense level of 38 [Presentence Investigation Report ("PSR") ¶ 74].  After a two-level enhancement for obstruction of justice, the total offense level for the drug conspiracy was 40 [*Id.* ¶¶ 78, 81].  Given the defendant's criminal history category of I, the resulting Guidelines range was 292 to 365 months for the drug offense, followed by a statutorily-mandated consecutive ten-year term for the firearms offense [*Id.* at ¶¶ 82, 86, 105, 106]. On June 3, 2004, the defendant received an aggregate sentence of 412 months' imprisonment: 292 months for the drug offense followed by 120 months for the firearms offense [Doc. 782].

4

The defendant appealed and the Sixth Circuit Court of Appeals vacated the sentence and remanded for re-sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). On remand, the defendant filed a motion for downward departure, and on April 13, 2006, the Honorable James H. Jarvis granted the motion and sentenced the defendant to 200 months for the drug offense, which was 32 percent below the bottom of the Guidelines range, followed by the 120-month mandatory minimum for the firearms offense [Doc. 911]. The defendant appealed again, but the Sixth Circuit Court of Appeals affirmed. *United States v. Smith*, 239 F. App'x 162 (6th Cir. 2007).

The Sentencing Commission subsequently lowered the base offense level for offenses involving crack cocaine, and in July 2008, the Honorable Thomas W. Phillips determined that Guidelines Amendment 706 lowered the applicable Guidelines range for the defendant's drug offense to 235 to 293 months' imprisonment and that the defendant was thus eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c) [Doc. 996]. Because the defendant had received a below-Guidelines sentence, and because the Guidelines then authorized courts to "reduce a defendant's sentence by a comparable percentage after applying the amended range," U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B) (2008), the Court departed 32 percent below the amended Guidelines range for the drug offense, lowering the defendant's aggregate sentence to 280 months' imprisonment [*Id.*].

5

Were the defendant sentenced today, the defendant would have a total offense level of 36, and when combined with his criminal history category of I, an amended Guidelines range of 188 to 235 months' imprisonment, followed by a consecutive ten-year mandatory minimum for violating § 924(c), for an effective Guidelines range of 308 to 355 months' imprisonment. Although his amended range is lower than the Guideline range previously applicable, his current sentence of 280 months' imprisonment is lower than the amended Guidelines range now applicable to him. The plain language of the Guidelines precludes the Court from reducing his sentence any further.

To the extent the defendant suggests that his post-sentence rehabilitative efforts provide an independent basis for a sentence reduction, the Court disagrees. The Supreme Court has held that district courts have discretion to consider post-sentence rehabilitation in fashioning a new sentence where the original sentence was set aside on appeal. *United States v. Pepper*, 131 S. Ct. 1229, 1241 (2011). Alleged rehabilitative efforts on their own, however, do not authorize this Court to revisit the propriety of a defendant's sentence. If the defendant had been eligible for a reduction under § 3582(c), the Court could have considered his post-sentence conduct in determining the extent of that reduction, U.S. Sentencing Guidelines Manual § 1B1.10, comment. n.1(B)(iii), but the defendant is not eligible for any reduction, so evidence about his conduct while incarcerated is irrelevant.

### III. Conclusion

For the reasons given above, the defendant's *pro se* motion for a sentence reduction [Doc. 1132] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE