UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:02-CR-78-TAV-CCS-14 |
| MICHAEL SMITH, | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's *pro se* Motion under 18 U.S.C. § 3582(c)(2) [Doc. 1251] to which the government responded in opposition [Doc. 1263].[1]

In his motion, the defendant asks the Court to resentence him in light of Sentencing Guidelines Amendment 794, which clarifies the circumstances under which courts should grant a minor or minimal role reduction under U.S.S.G. § 3B1.2. The Court notes that 18 U.S.C. § 3582(c) authorizes a sentence reduction when consistent with the policy statements in the Sentencing Guidelines, where a defendant has "been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission" via a retroactively applicable amendment. *See* 18 U.S.C. § 3582(c)(2).

---

[1] The Court notes that the defendant's motion was initially labeled as one under 28 U.S.C. § 2255, but the Court entered an order construing it as having been filed pursuant to 18 U.S.C. § 3582(c)(2).

In this case, the Sentencing Commission has not designated Amendment 794 as a retroactive amendment by listing it in U.S.S.G. § 1B1.10(d).  Because § 1B1.10 is a policy statement, and because § 1B1.10(d) does not list Amendment 794 as a retroactive amendment, resentencing the defendant in light of Amendment 794 would not be consistent with the Sentencing Commission's policy statements.  Thus, it is not warranted under 18 U.S.C. § 3582(c)(2).  *See United States v. Sprouse*, No. 2:12-cr-122, 2017 WL 218376, at *2 (E.D. Tenn. Jan. 18, 2017) (finding that a sentence reduction under Amendment 794 is not consistent with applicable policy statements issued by the Sentencing Commission, and thus not available under 18 U.S.C. § 3582(c)(2)).[2]

Therefore, because resentencing the defendant pursuant to Amendment 794 would be inconsistent with the Sentencing Commission's policy statements, § 3582(c)(2) does not authorize the Court to resentence the defendant.  As such, the Court **DENIES** the defendant's motion [Doc. 1251].

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the Sixth Circuit has held that Amendment 794 applies retroactively to cases on direct appeal to an appellate court.  *See United States v. Carter*, No 15-3618, 2016 WL 5682707 (6th Cir. Oct. 3, 2016).  However, the defendant's sentence in this case is already final, rendering *Carter* inapplicable.