UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:02-CR-078-TAV-DCP-14 |
| MICHAEL SMITH, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant has moved for a reduction in his term of imprisonment pursuant to the First Step Act [Docs. 1296, 1298]. The government responded in opposition [Doc. 1304], defendant replied [Doc. 1309], and filed supplemental briefs [Docs. 1312, 1345], and the government filed a supplemental response [Doc. 1360]. Following the issuance of the Sixth Circuit's opinion in *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020), the Court holds that defendant is eligible for a reduction, but a reduction is not warranted. Accordingly, it will **DENY** defendant's motions [Docs. 1296, 1298] to reduce his sentence under the First Step Act.

**I.  Background**

On December 15, 2003, a jury convicted defendant of two offenses: (1) conspiring to distribute and possess with the intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) ("Count One"); and (2) possessing and

discharging a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 ("Count Twelve") [Doc. 782].

At the time of sentencing, defendant was held responsible for 1.5 kilograms of crack cocaine [Presentence Investigation Report ("PSR") ¶ 74], resulting in a base offense level of 38 for the conspiracy conviction under the 2003 version of the United States Sentencing Commission's Guidelines Manual [*Id.* ¶¶ 73–74]. A two-level enhancement for obstruction of justice was added, resulting in a total offense level of 40 [*Id.* ¶¶ 78, 81]. Because he had no prior criminal convictions, defendant's criminal history category was I [*Id.* ¶¶ 85–86]. Accordingly, the guideline range for his drug offense was 292 to 365 months' imprisonment, to be followed by a mandatory consecutive 120 months' imprisonment as to the firearm count [*Id.* ¶ 105]. On June 7, 2004, the Court sentenced the defendant to a total 412 months' imprisonment, consisting of a 292-month term on the drug conspiracy conviction, and a consecutive 120-month term on the firearm conviction [Doc. 782].

On appeal, the Sixth Circuit remanded for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005) [Doc. 893]. This Court resentenced defendant to a total term of 320 months' imprisonment, consisting of a 200-month term on the drug conspiracy conviction, and a consecutive 120-month term on the firearm conviction [Doc. 911]. In so doing, the Court granted a downward variance from the applicable guideline range as to the drug conspiracy count [*See* Doc. 957, p. 2 (noting that the Court imposed a "below-Guidelines sentence of 320 months")].

2

In 2008, defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines [Doc. 990]. The Court granted this motion and reduced defendant's total sentence to 280 months,[1] based on retroactive amendments to the crack cocaine guidelines [Doc. 996]. The Court found that the new guideline range applicable to defendant's drug conspiracy charge was 235 to 293 months, based on a base offense level of 38 and a criminal history category of I [*Id.* at 1–2].

In 2014, defendant moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of Amendments 750 and 782 to the Guidelines, which lowered the drug amounts necessary to trigger specific base offense levels [Doc. 1227]. The Court granted this motion and reduced defendant's sentence to a total of 271 months' imprisonment [Doc. 1244]. The Court noted that, on remand, it had granted a 32 percent departure below the bottom of the applicable guidelines range on the drug conspiracy count, and again, applied this 32 percent reduction from the amended guideline range in granting defendant's first § 3582(c) motion [*Id.* at 4]. The Court found that, applying Amendment 782, defendant's total offense level was reduced to 34, including the two-level enhancement for obstruction of justice, and, combined with a criminal history score of I, his amended guideline range was 151 to 188 months' imprisonment on the drug conspiracy count [*Id.* at 5]. After considering the relevant sentencing factors, the Court determined that a

---

[1] Although the Court's order does not specify, this sentence presumptively included a below-Guidelines sentence of 160 months' imprisonment as to the drug conspiracy count and a consecutive term of 120 months' imprisonment as to the firearm count.

3

sentence reduction was appropriate, and reduced defendant's sentence to 271 months [*Id*. at 6–7]. Although the Court did not break down this sentence, it appears to consist of a low-end sentence of 151 months' imprisonment as to the drug conspiracy charge and a consecutive 120-month sentence on the firearm charge.

Defendant now argues that his crack cocaine conspiracy conviction renders him eligible for a sentence reduction under the First Step Act [Docs. 1296, 1298]. He contends that consideration of the § 3553(a) factors merit a reduced sentence of time served [Doc. 1298, p. 2]. The government initially responded, arguing that defendant was not eligible for relief under the First Step Act [Doc. 1304] and defendant replied to this argument [Doc. 1309]. Defendant also submitted several supplements [Docs. 1312, 1345]. Thereafter, at the Court's request [Doc. 1359], the government filed an amended response, in light of *Boulding*, acknowledging that defendant is eligible for release and deferring to the Court's discretion as to whether to grant a sentence reduction [Doc. 1360]. This matter is now ripe for resolution.

## II. Analysis

Defendant's motions present two questions. First, is defendant eligible for a sentence reduction under the First Step Act? Second, if he is eligible, is a reduction appropriate in defendant's case, and if so, to what extent?

### A. Defendant's Eligibility for a Section 404 Reduction

Once a Court imposes a sentence, its judgment is generally final with a few narrow exceptions. *Freeman v. United* States, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C.

4

§ 3582(b) ("Notwithstanding [certain specified exceptions,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Section 404 of the First Step Act provides such an exception to the general rule against modifications to sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). If a court imposed a sentence for a "covered offense," as defined in § 404(a), then on defendant's motion, the court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b).

The court only lacks authority to entertain such a motion if the sentence was previously imposed or reduced under the Fair Sentencing Act of 2010 or if the court previously considered a § 404 motion on the merits and denied it. *Id.* § 404(c). Neither limitation applies to this defendant.

Thus, the question of eligibility turns on whether defendant's conviction for conspiring to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), qualifies as a covered offense. While the government initially argued that defendant's offense was not a covered offense [Doc. 1304], it now concedes that defendant's offense does qualify as a covered offense [Doc. 1360]. The Court agrees.

Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." § 404(a). In *United States v.*

5

*Boulding*, the Sixth Circuit, joining all other circuits that have addressed the issue,[2] held that "eligibility for resentencing under the First Step Act turns on the statute of conviction alone." *United States v. Boulding*, 960 F.3d 774, 781 (6th Cir. 2020).

Here, as to Count One, defendant was convicted under 21 U.S.C. § 841(b)(1)(A), and the Fair Sentencing Act modified that statutory provision's penalties. Specifically, at the time of defendant's sentencing, this statutory provision imposed a mandatory minimum sentence of ten (10) years to drug offenses involving fifty (50) grams or more of cocaine base [PSR ¶ 105]. Yet, after the Fair Sentencing Act, as made retroactive by the First Step Act, the threshold quantity of crack cocaine necessary to trigger the mandatory penalties in § 841(b)(1)(A)(iii) is 280 grams. And, although well over 280 grams of crack cocaine was attributed to defendant at sentencing [PSR ¶ 56 (concluding that defendant "should be held accountable for a minimum of 1.5 kilograms of cocaine base")], *Boulding* makes plain

---

[2.] *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) ("We join our sister circuits in holding that the phrase modifies 'federal criminal statute.'"); *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) ("We thus conclude that whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct, *see* First Step Act § 404(a), and it is McDonald's statute of conviction that determines his eligibility for relief . . . ." (citing *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019)); *Wirsing*, 943 F.3d at 185, *as amended* (Nov. 21, 2019) ("The most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'"); *cf. United States v. Smith*, 954 F.3d 446, 448–49 (1st Cir. 2020); *United States v. Foley*, 798 F. App'x 534, 536 (11th Cir. 2020) ("Because the district court sentenced Foley under § 841(b)(1)(C), which was not modified by section 2 or 3 of the Fair Sentencing Act, Foley is not eligible for relief"); *United States v. Martinez*, 777 F. App'x 946, 947 (10th Cir. 2019) ("The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, Martinez's crime of conviction is not a 'covered offense' under the Act.").

that a defendant's specific conduct, including the drug quantity attributed to him beyond that found by the jury, is immaterial to the covered offense analysis. 960 F.3d at 781–82. Lastly, the Court notes that defendant committed this offense well before August 2, 2010 [PSR ¶ 46 (noting that defendant's involvement in the conspiracy began sometime in March 2001 and continued until July 18, 2002)]. Thus, defendant was convicted in Count One of a "covered offense." *See* § 404(a). He is thus eligible for a sentence reduction. *See Boulding*, 960 F.3d at 778–82.

### B. Imposing a Reduced Sentence in Consideration of the § 3553(a) Factors

A defendant's eligibility for a § 404 sentence reduction does not "require a court to reduce [his] sentence," § 404(c), and as follows from its limited authorization to impose a reduced sentence, the court's analysis is circumscribed. *See United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (per curiam). It must impose a reduced sentence "as if [the Fair Sentencing Act was] in effect at the time the covered offense was committed." § 404(b); *see also Alexander*, 951 F.3d at 708.

The Sixth Circuit has made clear that a defendant's eligibility for a reduction under Section 404 does not entitle him to a plenary resentencing. *Boulding*, 960 F.3d at 782; *Alexander*, 951 F.3d at 708; *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020). Nevertheless, an eligible defendant is entitled to object to the district court's calculation of his amended guideline range, and he may also be entitled to object to the final reduced

sentence. *Boulding*, 960 F.3d at 784.³ Additionally, "courts may consider all relevant [§ 3553(a)] factors when determining whether to reduce a defendant's sentence under § 404," including the defendant's post-sentencing conduct. *United States v. Allen*, 956 F.3d 355, 357–38 (6th Cir. 2020); *cf. Boulding*, 960 F.3d at 784 (holding that First Step Act review "must include . . . renewed consideration of the 18 U.S.C. § 3553(a) factors").

Post-*Boulding*, the parties agree that defendant's offense would have been treated as a violation of 21 U.S.C. § 841(b)(1)(B), rather than § 841(b)(1)(A), and he would have been subject to statutory mandatory minimum of five (5) years, rather than ten (10) years. [Doc. 1298, p. 2; Doc. 1360, p. 4]. Ultimately the parties both submit that the applicable

---

³ The Sixth Circuit in *Boulding* held that the district court "did not provide Boulding with an opportunity to present his objections to its calculation of his amended guideline range and in this respect, fell short of the resentencing review envisioned in the First Step Act." 960 F.3d at 784. Yet, the court seemed to suggest elsewhere that defendant might also have a right to object to the modified sentence, not just to the court's calculation of the guideline range. It noted that the "necessary review" includes an accurately calculated guideline range and "thorough renewed consideration of the § 3553(a) factors" and that a defendant is entitled to an "opportunity to present objections." *Id.* And, its conclusion echoed this broader statement of the holding, stating that First Step Act review must include an "accurate amended guideline calculation and renewed consideration of the 18 U.S.C. § 3553(a) factors" and that "a defendant seeking to present objections must be afforded an opportunity to do so." *Id.*

A broader reading of *Boulding*'s ruling appears in tension, however, with other recent Sixth Circuit opinions. *See, e.g., United States v. Smith*, 958 F.3d 494, 498–99, 501 (6th Cir. 2020) (holding that sentence modifications under the First Step Act are analogous to sentence modifications under § 3582(c)(2), rejecting defendant's argument that he was entitled to a plenary resentencing, and finding that the district court sufficiently stated its reasons for the modified sentence using a form order); *Alexander*, 951 F.3d at 709 (affirming district court's order granting a sentence reduction and rejecting defendant's argument that he was entitled to present arguments at a sentencing hearing, arguments that he did not make in his motion for a sentence reduction, including the following: "the district court was unaware of or failed to understand its discretion to depart from the career offender range, he should have received a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b), and his post-offense rehabilitation and serious medical condition should have been considered").

8

guideline range as to Count One is 151 to 188 months, the same guideline range that the Court used when reducing defendant's sentence under Amendment 782 [Doc. 1296, p. 16; Doc. 1360, p. 5; *see also* Doc. 1227, p. 5].

Defendant argues that a time-served sentence is appropriate in this case [Doc. 1298, p. 2]. He notes that, at his resentencing in light of *Booker*, the Court granted a 32% downward variance as to his drug conviction, but, when granting his § 3582(c)(2) motion, the Court could not grant a variance [Doc. 1296, p. 16]. He argues that a 32% downward variance would equate to a 103-month sentence on Count One, and result in a total sentence of 233 months [*Id.*]. Defendant contends that the Court should consider applying this variance [*Id.* at 17]. Defendant also notes that he obtained his General Educational Development ("GED") degree while incarcerated and participated in numerous educational and self-improvement courses, including courses in parenting, anger management, and career development [Doc. 1298, pp. 12–13]. Defendant further notes that he has a supportive family that is awaiting his return [*Id.* at 13]. Defendant contends that his sincere remorse and rehabilitative efforts show that the goals of sentencing under § 3553(a) have been met and no further incarceration is necessary [*Id.*].

The government defers to the Court's discretion [Doc. 1360, p. 5] though it appears to oppose a sentence reduction resulting in immediate release [*Id.* at 5–6]. The government emphasizes that the drug quantity attributed to defendant would, "even after the Fair Sentencing Act, support a prosecution under 21 U.S.C. § 841(b)(1)(A) because it exceeds the current 280-gram threshold" [*Id.* at 5 (citing, *inter alia*, *Dorsey v. United States*,

567 U.S. 260, 276–79 (2012))]. With respect to the offense conduct, the government notes that, during the course of the offense, defendant possessed multiple firearms and shot one drug user in the ankle over an unpaid drug debt [*Id*. at 5 (citing PSR ¶¶ 64, 69)]. The government also points out that defendant was involved in planning and attempting to carry out a "hit" on another gang member who was suspected of cooperating with law enforcement [*Id*. (citing PSR ¶ 66)] and, after his arrest, defendant contacted two individuals and asked them to lie on his behalf [*Id*. (citing PSR ¶ 68)]. The government highlights that, while in custody, defendant has incurred disciplinary infractions on five occasions, including possessing a dangerous weapon twice [*Id*.]. The government does note that defendant earned his GED in 2005, completed multiple educational and vocational courses, earned "good work" evaluations, and was commended by correctional counselors for being "helpful" [*Id*. at 5–6]. However, the government notes that defendant also failed out of the nonresidential drug abuse treatment program in 2016, and, in 2020, declined to participate in the residential drug abuse treatment program that the Court specifically recommended [*Id*. at 6].

Although factors similar to those that applied at the defendant's initial sentencing also apply here, the Court has considered these factors again in the context of the instant motion, including the nature and circumstances of defendant's offenses and his history and characteristics. Regarding the offense characteristics, the Court notes in particular that defendant's base offense level reflects his accountability for 1.5 kilograms of crack cocaine, a significant quantity of a highly dangerous substance and a quantity that would

10

support a prosecution under 21 U.S.C. § 841(b)(1)(A) as amended by the Fair Sentencing Act [PSR ¶ 74]. The Court notes that defendant's offense conduct arose out of his gang involvement and whose purpose it was to control the drug trafficking in and around a Knoxville public housing project [*Id.* ¶ 46]. Defendant's role was mainly as a "rock slinger," meaning that he would sell rocks of crack cocaine [*Id.* ¶ 55]. Defendant was fronted the crack cocaine both by other gang members and non-gang members, and would sell it at the housing project [*Id.*]. The Court also notes that numerous firearms were seized during law enforcement's investigation of the gang's criminal activities [*Id.* ¶ 59]. With respect to this defendant specifically, evidence showed that he kept several of the gangs' firearms at his apartment and four guns were seized from his residence in April 2001, after a domestic incident [*Id.* ¶ 64]. Additionally, evidence showed that, during the course of his involvement with the conspiracy, defendant participated with other gang members in planning and attempting to carry out a "hit" on an individual that the gang believed to be cooperating with police [*Id.* ¶ 66]. Furthermore, after his arrest for this offense, defendant approached other inmates at the Blount County Justice Center and asked them to lie in court about his involvement in drug activity, and to tell another individual, whom defendant had previously shot in the ankle over a drug debt, to deny that the shooting had been drug-related [*Id.* ¶¶ 68–69]. For these reasons, the Court finds that defendant's offenses are serious.

Regarding defendant's history and characteristics, the Court begins by noting that defendant had no prior criminal convictions, and only one prior arrest for a misdemeanor,

which was dismissed [*Id.* ¶¶ 85, 87]. The Court notes that defendant is currently thirty-nine (39) years old and has been in custody since his pretrial release was revoked on August 15, 2002. The Court's review of documents supplied by both defendant and the government indicate that, while incarcerated, defendant earned his GED and has successfully completed numerous educational and vocational courses [Doc. 1298-1, pp. 1–2; Doc. 1312-1, pp. 1–3]. However, records also indicate that defendant has incurred five disciplinary infractions while incarcerated, including two infractions for possessing a dangerous weapon and one for possessing a hazardous tool [Doc. 1312-1, p. 3]. Additionally, records reflect that defendant failed one drug treatment program and declined to participate in the residential drug abuse treatment program in February 2020 [*Id.* at 4; Doc. 1360-1].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available and the sentencing range (151 to 188 months as to Count One) and the need to avoid unwarranted disparities. *Id.*

After considering the parties' arguments, the relevant § 3553(a) factors, and applicable sentencing guidelines, the Court does not find a reduction in the defendant's sentence to be appropriate. Specifically, the Court notes that the only ground for a sentence

12

reduction in this case, in light of defendant's sentence reduction under Amendment 782 to the Guidelines, is defendant's argument for a downward variance on his drug offense. The Court notes that a variance below the applicable guideline range is most appropriate when the particular circumstances of the case fall outside the "heartland" of similar cases before the Court, in light of the sentencing goals contained in § 3553(a). *United States v. Herrera-Zuniga*, 571 F.3d 568, 582 (6th Cir. 2009). Considering all of the § 3553(a) factors, the Court does not find that this case falls outside the "heartland" of similar cases, such that a downward variance on defendant's drug offense is warranted.

The Court does note that defendant highlights the fact that this Court granted a request for a sentence reduction under § 404 of the First Step Act for his codefendant, Allen Young [Doc. 1345]. Defendant argued that Young was "convicted of the same offense" as him and was granted relief under the statute [*Id*. at 1]. However, unlike defendant, Young had not already received a reduction of his sentence on the drug conspiracy charge to the low-end of the currently-applicable guideline range. Furthermore, Young was only convicted of aiding and abetting in the possession of firearms in furtherance of a drug trafficking offense, under 18 U.S.C. § 924(c) [Doc. 781, p. 2], which carries a 60-month mandatory consecutive sentence, as opposed to defendant's conviction for possessing *and discharging* a firearm during and in relation to a drug trafficking offense [Doc. 782, p. 2], which carries a 120-month mandatory consecutive sentence. *Compare* 18 U.S.C. § 924(c)(1)(A)(i), *with* 18 U.S.C. § 924(c)(1)(A)(iii). Thus, the reduction in Young's total sentence to approximately 224 months' imprisonment constituted a reduction of his

13

sentence on the drug offense to approximately 164 months, with 60 months consecutive as to the § 924(c) conviction [Doc. 1342, p. 12]. This sentence reduction thus fell within Young's guideline range on the drug offense, which, like defendant's guideline range on the drug offense, was 151 to 188 months [*Id.*]. However, because defendant is subject to a 120-month consecutive sentence under § 924(c), rather than a 60-month consecutive sentence, a reduction of his total term of imprisonment to time-served would require a significant downward variance as to the drug offense, which the Court has concluded is not warranted. Accordingly, the facts of defendant's sentence are distinguishable from those of codefendant Young, and a sentence reduction is not warranted.

### III. Conclusion

For the reasons discussed, the Court will **DENY** defendant's motions [Docs. 1296, 1298] for a reduction of his term of imprisonment under the First Step Act.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE